UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 30 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Mohammed Saleh )
#34853-054 )
P.O. Box 8500 - ADX )
Florence, Co 81226 )
(Enter your full name, prison number and address)

v.

Alberto Gonzalez )
Harley G. Lappin )
320 First St. N.W )
Wash. D.C 20534 )
(Enter the full name and address(es), if known, of defendant(s) in this action)

CASE NUMBER 1:05CV01315

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Civil Rights (non-employment)

DATE STAMP: 06/30/2005

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Instructions for filing a Complaint by a Prisoner
Under the Civil Rights Act, ~~42 U.S.C. §1983~~
28 U.S.C § 1361

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate complaint for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $150.00.. If insufficient funds exist in your prison account at the time of filing your complaint, the court must assess, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

(1) the average monthly deposits to your prison account, or
(2) the average monthly balance of your prison account for the prior six-month period.

RECEIVED
JUN 16 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you must submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copies to the Clerk of United States District Court for the District of Columbia, 333 Constitution Ave., NW, Washington, D.C. 20001.

**I. SUCCESSIVE CLAIMS**

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

**II. PREVIOUS LAWSUITS**

A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? Yes ( ) No (✓)

B. Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes (✓) No ( )

C. If your answer to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit.

Plaintiffs: Mohammed Saleh

Defendants: Ray warden, Wood captain Darrow Lieutenant at USP Leavenworth, Kansas

2. Court (if federal court, name the district; if state court, name the county) U.S. District of Kansas

3. Docket number 02-3241-CM

4. Name of judge to whom case was assigned: Carlos Murguia

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still
was dismissed on 1/2/04 and affirmed on appeal on Aug 19, 2004.

6. Approximate date of filing lawsuit: 08/7/02

7. Approximate date of disposition: 1/2/04
on 8th Amend (excessive use of force).

## III. PLACE OF CONFINEMENT

United State Penitentiary - ADX at Florence - Colorado
Florence, Co 81226-8500

A. Is there a prisoner grievance procedure in this institution? Yes (✓) No ( )
If your answer is Yes, go to Question III B. If your answer is No, skip Question III B,C and D and go to Question III E.

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes (✓) No ( )

C. If your answer is Yes to Question III B;

1. To whom and when did you complain? Warden Hood

2. Did you complain in writing? (Furnish copy of the complaint you made, if you have one.) Yes (✓) No ( )

3. What, if any, response did you receive? (Furnish copy of response, if in writing.) a copy attached

4. What happened as a result of your complaint? No action

D. If your answer is No to Question III B, explain why not.
N/A

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes ( ) No ( ) NA

F. If your answer is Yes to Question III E; NA

RECEIVED

1. To whom and when did you complain? the attorney General never Response to my complain, the Bop director response is attached exhibit (1) have one.)

3. What, if any, response did you receive? (Furnish copy of response if in writing) Bop Response attched.

4. What happened as a result of your complaint? the certified receite of service is attached in the exhibit exhibit (1)

## IV. PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of Plaintiff: Mohammed Saleh #34853-054
Address: ADX P.O. Box 8500, florence, CO 81226

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank and their address in the fourth blank. Do the same for additional defendants, if any.

B. Defendant: Alberto GonZalez is employed as attorney General of U.S at Wash. D.C.
Address: Dept. of Justice - suite 570 - Flag BLD. Wash. DC 20530.

Defendant: Harley G. Lappin is employed as director of Bureau of prison at Wash. DC office
Address: 320 First St. N.W Wash, D.C 20534

Defendant: ______ is employed as ______ at ______
Address: ______

Defendant: ______ is employed as ______ at ______
Address: ______

RECEIVED

**Statement of Facts Relevant to the Issues Presented for Review.**

1- plaintiff Moh'd Saleh was convicted of selling deisel from his Gas station to confidential informant whom paid over than a million dollars for his role in creating the conspiracy, which plaintiff was convicted for seditious conspiracy & bombing consp. & attempt bombing and sentence to 35 yrs in 1993, and was housed in General population (GP) since up 9/11/2001. The plaintiff always mantain a good conduct and worked at prison industory (unicor) and always follow the prison rules and respected by staff & inmates.

2. ON 9/11/2001 the plaintiff was placed in solitary confinement for a while and then transfered to permanent solitary confinement at ADX. only because of his origin as Arab & Muslim and his consp. conviction. The plaintiff was told by warden Gunja the usp. warden that order came from the attorney General through Bop director.

3. The plaintiffs currently housed in solitary confinement at usp-ADX colorado The defendants have violated and continue to violate the plaintiffs Rights as afforded by the due process clause, and Equal protection clause of the U.S.C.A. Const. Amend 5, And the cruel and unusuel punishment clause, and delibrate indifference clause of the U.S.C.A Const. Amend. 8, by discriminate and systematic Maladministration of acts and rules, laws & Rights of plaintiffs, in a discriminatory manner.

4. The defendants did not afford the plaintiffs the same due process that is afforded to same inmates at ADX prior to his transfer to ADX and in connection with all aspects of his confinement at ADX, And informed the plaintiffs that his confinement at ADX is permanent by order from the attorney General and not allowing him to participate in the step down program which allow the inmates at ADX after 3 yrs to leave the solitary confinement and to be trasfered to another usp in General population

A-11 Motion for Leave to Proceed on Appeal without Prepayment of Costs or Fees (Part A), Appellant/Petitioner's Opening Brief (Part B) PLRA- 1/04 Page 5

5

# CAUSE OF ACTION

1- Claim one:

The continued imposition of indefinite Solitary confinement of plaintiffs at the ADX violates his Rights as afforded by the due process clause, and Equal protection clause of the U.S.C.A Const. Amed.5. As plaintiff assert that he has Liberty interests in remaining free from indefinite Solitary confinement (where he has been housed since 9/11/2001). And the defendants not allowing the ADX officals to afford him the same procedural due process that is afforded to inmates at ADX. Specifically the step-down program which allow inmates to leave the solitary confinement after two years from entring the program. And the defendants action of transfering the plaintiffs to ADX from General population brought about a quantum change in his level of custody.

2- Supporting facts:

The plaintiffs has been subjected to indefinite Solitary confinement since almost five years, for nothing other than his origin As an Arab-muslim and his conviction since, the plaintiffs does not have an affiliation to any Group or association.

3: whereby the plaintiff assert he has liberty interest in connection with his confinement at the ADX.

4. whereby plaintiff assert that the conditions of his confinement at ADX, in relation to the conditions of confinement he experience as inmates in an "open" General population, where he was transfered from, poses an Atypical and significant hardship in relation to ordinary incidents of prison Life.

5. whereby plaintiff assert that his transfer to ADX Solitary confinement brought on him a quantum change in the level of Custody, 23 hrs lockdown in the cell only allow 5 hrs for recreation per week, No Social or Religious group Activity No JobS, Restriction on family connection two phones amonth while in USP General population No Such restrictions.

6. denying the plaintiff to participate in Step-down program aless restrictive unit, when plaintiff meet all criteria for Said placement, and don't pose any threat to the safe secure, and orderly operation of the facility is disregard to BOP policy: FLM 5321.06E(1).

7. plaintiff assert that he is denied due process that is afforded to certain inmates at ADX in connection with their confinement as outlined in BOP policy: institutional supplement FLM 5212.07A to have review by the executive panel every 60-90 days, the documentation of all reviews, the opportunity to be heard, determinate the durations of confinement, that is afforded to other units inmates. But not to plaintiff is unconstitutional, and violates plaintiff clearly established Rights as afforded by the due process clause, and Equal protection clause of the U.S.C.A. Const. Amend. 5, and BOP policy: FLM 5212.07 A, & 541.20 & 541.22. And repeated use and explicitly mandatory language of the 28 C.F.R. § 541.13 & § 541.22 & § 541.20 in connection with requiring specific substantive predicates, regarding solitary confinement or segregation of inmates. BOP policy PS 5270.07.

# Request For Relief

1. plaintiffs Request the following Relief As to his claim:

A) Relief under provision for compelling officer of united States to perform his duty by granting the plaintiff injunctive relief to force the defendants to comply with their rules and transfer the plaintiff to General population prison. See SteinBach V. Federal Bureau of prison, 339 F.S.2d 628 (D.N.J. 2004) (Were the court construe §2241 to §1361 and granted the plaintiff injunctive relief were the Bop failed to follow Bop PS 7310.04. to transfer the plaintiff from FCI to community confinement center) Also the court found that Bop must follow the rules & own regulations and §1361 doesn't sheild the Agency of responsibilty and relief under §1361 is not barred by sovereign immunity at AD 630.

B) A Declaratory Judgement stating that the defendants policies, practices, procedures, Acts and omissions AS described in claim one, violates plaintiffs Rights AS afforded by the due process clause, and Equal protection clause of the U.S.C.A. Const. Amend. 5; The cruel And unusual punishment cluase of, and deliberate indifference clause of the U.S.C.A Const. Amend. 8. and under §2201.

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include the names of other persons involved, dates and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra sheets if necessary.

Stated on page 5.

**VI. RELIEF**

State briefly exactly what you want the Court to do for you.

Stated on page 8

Signed this 6 day of June, 2005.

M. Saleh M...
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

6/6/05
(Date)

M. Saleh M...
(Signature of Plaintiff)

RECEIVED

# ExhibiT

# 1

includes:

1- Letter to Mr. Harley Lappin & his Response. page 1 & 2

2- letter to the attorney General No Response page 3

3- certified MaiL - Receipt. page 4

Mohammed Saleh
#34853-054
ADX - p.o. Box 8500
Florence, Co. 81226

HARley G. LAppiN
Director of Federal Bureau of prison
320 First St. N.W
Wash., D.C 20534

1-24-05

Dear Sir

on 2/4/03. I was moved from usp Florence to super max - ADX without any due process & without any justification to be housed in a Solitary Confinement. I have been told by some of the official that this move was ordered by the attorney General for all Arabs & Muslims inmates to be placed in Solitary confinement after 9/11 incident. According to BOP classification, I'm an inmate have been incarcerated 12 years never been in any trouble & always maintaining a clear conduct and has custody classification for FCI level. I have been told by the staff in ADX that I will never be able to leave ADX or to be allowed to participate in step-down program which will allow me to leave ADX-Solitary confinement to another institutions, while I done everything will allow me to be placed in step-down program and without any form of procedural due process and in plain violation of my Rights under the protected Liberty interest and equal protection clauses.

In light of the foregoing, I sincerely hope & pray that you don not ignore my pleas and relif me from the inflict punishment which has been put on me without Rhyme or reason.

ps: a copy of remedys denial attached,

Respectfully you
M. Saleh

U.S. Depart... ent of Justice

Federal Bureau of Prisons

*Washington, DC 20534*

March 25, 2005

Mohammed Saleh
Register Number 34853-054
ADX, Colorado

Dear Mr. Saleh:

Your correspondence addressed to the Director of the Bureau of Prisons in regard to your current housing assignment at the ADX, Colorado, as well as potential housing assignments via the step-down program has been forwarded to my office for response.

Your allegations have been reviewed and it has been determined that your case will be evaluated in an effort to assess your appropriateness for participation in the step-down program or other appropriate placement.

Your unit team will continue to keep you advised as to any decision regarding your placement in the step-down program or any other appropriate placement.

Sincerely,

John M. Vanyur
Assistant Director
Correctional Programs Division

cc: Warden Hood
Regional Director Nalley

Attorney General office
Dept. of Justice
Suite 570, Flag Building
Wash., D.C. 20530-0001

Mohammed Saleh
#34853-054 - ADX
P.O. Box 8500
Florence, Co. 81226

1-24-05

Dear Mr. Ashcroft.

on 9/11/01 I was placed in Solitary confinement & on 2-4-03. I was transfered to Supermax ADX - solitary confinement Joint. without any procedural due process or any reason other than I'm a Muslim & An Arab. I was told by BOP official that you issue the executive order to place all Arabs & Muslims in solitary confinement using the tragedy of 9/11 as acover-up for abusing my Rights which are protected my liberty of interest and under equal protection clauses.

I have been incarcerated 12 years and I always maitain clear conduct & good relations with Staff & inmates and working in unicor & never been in any kind of trouble.

In light of the foregoing, I sincerely hope & pray that you don't ignore my pleas and revoke your executive order of placing me in Solitary Confinement which inflict harm which has been put on me without Rhyme or reason.

PS acopy of remedys denial attached

Respectfully you
M. Saleh



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

WASHINGTON, DC 20534

| | |
|---|---|
| Postage | $ .37 0.37 |
| Certified Fee | 1.75 2.30 2.30 |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 2.12 2.67 |

UNIT ID: 0791

Postmark Here

Clerk: TKNHYB

01/26/05

Sent To: Director of Federal Bureau of Prison Mr. Harley Lappin

Street, Apt. No.; or PO Box No.: 320 First St. N.W

City, State, ZIP+4: Wash. D.C 20534

PS Form 3800, June 2002 See Reverse for Instructions

7003 1010 0001 2482 4100

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

WASHINGTON, DC 20530

| | |
|---|---|
| Postage | $ .37 0.37 |
| Certified Fee | 1.75 2.30 |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 2.12 2.67 |

UNIT ID: 0791

Postmark Here

Clerk: TKNHYB

01/26/05

Sent To: Attorney General office – John Ashcroft Dept. of Justice

Street, Apt. No.; or PO Box No.: suite 570 – Flag Building

City, State, ZIP+4: Wash.) DC 20530-0001

PS Form 3800, June 2002 See Reverse for Instructions

7003 1010 0001 2482 4087

Exhibit

2

includes The Administrative Remedies and The denial for Step-down program page 7.

RECEIVED

[U.S. DEPAR]TMENT OF JUSTICE
[Fed]eral Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Saleh Mohammed — LAST NAME, FIRST, MIDDLE INITIAL | 34853-054 — REG. NO. | F-309 — UNIT | ADX — INSTITUTION

**Part A– INMATE REQUEST** my appeal to the warden about the denial by AW'S C. Chester and J.C. Zuercher of allowing me to participate in step down program (K-unit) as other inmates, I belief this denial is violation of my equal protection & due process rights since, it was arbitrary decision based on political & Racial motives. I have participate in all programs & Kept clear conduct since I have been in ADX and never allowed to have the same rights as other inmates to participate in the step down program to allow me leave this segregation joint.

7/12/04
DATE

M. Saleh [signature]
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

[illegible faded response text]

RECEIVED
JUL 13 2004

[signature]
Warden

7/13/04
Date

SEE ATTACHED RESPONSE

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: 342003-F1

CASE NUMBER:

**Part C– RECEIPT**

Return to:
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

BP-229(13)
APRIL 1982

**BP-229 RESPONSE** **Case Number: 342003-F1**

**Name: SALEH, Mohammed** **Register Number: 34853-054**

Your Request for Administrative Remedy dated July 12, 2004, and received in this office on July 13, 2004, has been reviewed. Specifically, you allege that the decision to deny your placement in the Step Down unit was made arbitrarily, and this violates your constitutional rights. As remedy, you request to be placed in the Step-Down Unit.

A review of the issue raised in your Request for Administrative Remedy has been conducted. The results of the review revealed you are being afforded opportunities in accordance with Bureau of Prisons' policy. Records indicate that in June 2004, you were reviewed for placement in the Step-Down Program. Although you have clear conduct, good program participation, and positive rapport with staff, you were denied advancement for security concerns. Specifically, the committee believes placement at this time would jeopardize the orderly running of the institution. You are encouraged to continue demonstrating positive institutional adjustment by participating in available programming opportunities and maintaining a favorable rapport with staff as well as other inmates. You will be reviewed for the Step-Down Program again in December 2004, provided you continue to meet the requirements outlined in Institution Supplement 5321.06E, General Population and Step-Down Unit Operations.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

Robert A. Hood, Warden

7/19/04
Date

RECEIVED

**Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Name:** REZAQ, Omar Mohammed
**Register Number:** 20267-016
**Admin Remedy Number:** 341262-R1

---

This is in response to your Regional Administrative Appeal in which you contest the denial of your placement in the Step-Down program at the Administrative Maximum Penitentiary (ADX) in Florence, Colorado. In addition, you claim your denial of being placed in this program is discriminatory and based on your nationality. You further state your constitutional rights are being violated. You request to be placed in the Step-Down program.

We have reviewed your appeal and determined the Warden's response adequately addresses your concern. As previously indicated in the Warden's response, you were reviewed in June 2004 for placement in the Step-Down program and denied based on safety and security concerns surrounding your current offense. Your case will be reviewed again in December 2004, provided you meet the established criteria. You have provided insufficient evidence to support your claim that the denial of the Step-Down program is discriminatory and based on your race and political affiliation.

Based on the above information, your Regional Administrative Appeal is denied. If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

8/16/04
Date

G. L. HERSHBERGER, Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Admi[...]rative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: Saleh, Mohammed — 34853-054 — F-3/10 — ADX
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

Part A—REASON FOR APPEAL my appeal to the regional office about the denial by the warden & AW'S Cichester & J.C. Zuercher for not allowing me to participate in step down program (K-unit) as other inmate's, their action of Keeping me in this segregation joint without any justification is violation of my equal protection & due prow Rights. Since, their decision based on Racial & political motive. I have participated in all programs & Kept all time a clear conduct. The security concern is without any basis since my records in all institution I have been refute that claim my only relief to be treated as other inmate's, and be allowed to allowed to participate in step down program.

7/25/04 — DATE

M. Saleh — SIGNATURE OF REQUESTER

Part B—RESPONSE

AUG 2 0 2004 — DATE

SEE ATTACHED RESPONSE — REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

SECOND COPY: RETURN TO INMATE — CASE NUMBER: ______

Part C—RECEIPT

CASE NUMBER: ______

Return to: ______
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT: ______

DATE — SIGNATURE, RECIPIENT OF REGIONAL APPEAL

U.S. Department of Justice
Federal Bureau of Prisons 342003

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: SALEH Mohammed — 34853-054 — F/SH — ADX
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

**Part A—REASON FOR APPEAL** [illegible] to the General [illegible] region denying me relief for the denial by AW's Chester [illegible] [illegible] ETS without any [illegible] and [illegible] violated my equal [illegible] [illegible] rights. Since I have been [illegible] [illegible] ADX [illegible] [illegible] discriminated against.

8/5/04 — DATE

[signature] — SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE — GENERAL COUNSEL

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE — CASE NUMBER:

**Part C—RECEIPT**

CASE NUMBER:

Return to: LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT:

DATE — SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN — APRIL 1982

**Administrative Remedy No. 342003-A1**
**Part B - Response**

You contend the denial of your request to participate in the Step-Down Unit Program was racially- and politically-motivated. You request placement into that program.

Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. While you do meet the basic eligibility criteria to be considered for placement in the Step-Down Unit Program, the decision to place you in the program is discretionary. No inmate is entitled to participate in the Step-Down Unit Program.

Your request for placement in the Step-Down Unit Program has been considered and denied by staff based on the safety and security concerns associated with your current offense and the threat such placement would pose to the security and orderly running of the institution. This decision is an exercise of sound correctional judgment by correctional professionals and is neither racially- nor politically-motivated.

Your appeal is denied.

November 10, 2004
Date

Harrell Watts, Administrator
National Inmate Appeals

RECEIVED

# INTERMEDIATE (K) UNIT REFERRAL

June 21, 2004
DATE

SALAH, Mohammed #34853-054
INMATE NAME AND REGISTER NUMBER

F
UNIT

☐ You have been approved for placement in the Intermediate (K) Unit. Your Unit Manager will provide you with more details regarding this placement.

X You have been denied placement in the Intermediate (K) Unit at this time because it is believed your reason for placement at the ADX has not been sufficiently mitigated. We encourage you to continue participating in programming opportunities and develop a favorable rapport with staff. You will be reviewed for the Intermediate Unit again in six months providing you meet the requirements listed in Institution Supplement 5321.06D, General Population and Step-Down Unit Operations. You may appeal this decision by utilizing the Administrative Remedy Process.

C. Chester, Associate Warden (Programs)

J. C. Zuercher, Associate Warden (Operations)

RECEIVED