UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOHAMMED SALEH, | : | |
| Petitioner, | : | Civil Action No. 05-1315 (CKK) |
| | : | |
| v. | : | |
| | : | |
| ALBERTO GONZALEZ, et al., | : | |
| Respondents. | : | |

**RESPONDENTS' MOTION TO TRANSFER
PETITIONER'S PETITION UNDER 28 U.S.C. § 1361**

The respondents, by and through their attorney, the United States Attorney for the District of Columbia, hereby respectfully move the Court to transfer petitioner's pro se petition for a writ of mandamus under 28 U.S.C. § 1361 to the United States District Court for the District of Colorado. As explained below, the interests of justice and the convenience of the parties will be best served if the Court transfers this matter to the U.S. District Court for the District of Colorado.

**BACKGROUND**

On January 17, 1996, following a jury trial in the U.S. District Court for the Southern District of New York, petitioner was convicted of seditious conspiracy, bombing conspiracy and attempted bombing. See United States v. Rahman, 189 F.3d 88, 103-04 (2d Cir. 1999); see also Exh. A. He was sentenced to thirty-five years' imprisonment for selling diesel fuel to other defendants who plotted to use the diesel fuel (combined with other materials) to fabricate bombs and blow up various sites in New York, including the United Nations building and the Lincoln Tunnel. Rahman, 189 F.3d at 110-11.

On or about June 6, 2005, petitioner filed the instant petition. He asserts that on September 11, 2001, he was placed in solitary confinement and later transferred to permanent solitary confinement in the Administrative Maximum Penitentiary in Florence, Colorado, which is a Bureau of Prisons ("BOP") facility. He further claims that he has been refused placement in the "Step-Down" program. He seeks a writ of mandamus compelling BOP officials to release him from solitary confinement and a declaratory judgment that defendants' actions have violated certain of his constitutional rights. To date, petitioner remains at the BOP facility in Florence, Colorado.

## ARGUMENT

The Court should transfer petitioner's petition to the U.S. District Court for the District of Colorado. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "This provision 'is intended to place discretion in the district court to adjudicate motions to transfer according to an individualized case-by-case consideration of convenience and fairness.'" Joyner v. District of Columbia, 267 F. Supp. 2d 15, 20 (D.D.C. 2003) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)) (second set of quotation marks omitted); see also Rogers v. Federal Bureau of Prisons, 257 F. Supp. 2d 147, 148 (D.D.C. 2003) (same).

In deciding whether to grant a motion to transfer pursuant to §1404(a), the Court should examine a number of factors including the prisoner's location, the location of the witnesses and files, the prisoner's ability to confer with counsel, the speed of final resolution, and the interests

of justice.  Starnes v. McGuire, 512 F.2d 918, 929-932 (D.C. Cir. 1974) (en banc); see also Nichols v. United States Bureau of Prisons, 895 F. Supp. 6 (D.D.C. 1995); 28 U.S.C. § 1404(a).

      Here, consideration of these factors uniformly counsels in favor of transfer.  Petitioner is incarcerated in a BOP facility in Colorado.  The D.C. Circuit has noted that "[t]he burdens and dangers involved in transporting a prisoner across long distances are . . . a significant inconvenience to the Bureau of Prisons and will normally justify transfer."  Starnes, 512 F.2d at 931.  Moreover, petitioner did not commit his crimes in the District of Columbia nor was he tried or sentenced here.  "[M]any, if indeed not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate."  Id. at 926.

      Petitioner challenges the actions of BOP officials, located in Colorado, in transferring him to solitary confinement and refusing him placement in the Step-Down program.  Although he asserts (at 5) that he was told that the Attorney General of the United States and the "BOP director" were behind the decision to transfer him to solitary confinement, it is apparent that he takes issue with the implementation of that alleged decision rather than with any purported policies underlying the implementation.  Thus, "because the implementation of policy is at issue, and because that implementation took place at the [BOP] facility . . . , venue is more appropriately laid" in the jurisdiction where the BOP facility is located.  Huskey v. Quinlan, 785 F. Supp. 4, 5 (D.D.C. 1992) (emphasis in original); see also Zakiya v. United States, 267 F. Supp. 2d 47, 59 (D.D.C. 2003) (where "plaintiff's challenge of the BOP policy is a specific attack on the implementation of that policy to his particular situation," venue is appropriate in the

jurisdiction of confinement because "the actual implementation by the BOP officials occurred at the facilities where he was incarcerated and not in this district").

Moreover, the pertinent witnesses, files and prison records are to be found at or near petitioner's place of incarceration. "In cases in which the plaintiff's claims will require testimony or files that are most easily obtained at or near the place of incarceration, 'the district in which the institution is located will ordinarily be the more convenient forum.'" Joyner, 267 F. Supp.2d at 20-21 (quoting Starnes, 512 F.2d at 931). Thus, "[a]lthough the plaintiffs' choice of forum must be given deference, this deference is greatly diminished when the activities have little, if any, connection with the chosen forum." Zakiya, 267 F. Supp. 2d at 59 (internal quotation marks and citation omitted).

Finally, while petitioner currently is proceeding pro se in this matter, the difficulties that he is likely to have if the Court decides to appoint him counsel here also strongly support transfer:

> When a case is litigated in the District of Columbia on behalf of a prisoner in a distant prison, the attorney is necessarily limited to the time-consuming and inefficient communication provided by letters. Although such long-distance consultation may achieve a reasonable development of what the prisoner has defined as his case, it is likely that both important nuances and possible additional issues will be overlooked due to the problems of communication.

Starnes, 512 F.2d at 930.

In sum, transferring this matter to the U.S. District Court for the District of Colorado best suits the convenience of the parties, is likely to result in the speediest resolution of this matter, and is in the interests of justice. Accordingly, the Court should transfer petitioner's petition to the U.S. District Court for the District of Colorado after giving petitioner notice of the proposed

action and an opportunity to be heard on the issue. Id. at 934-35 (stating that petitioner should be given notice of defendant's motion to transfer and that a "twenty-day period" for response "would be adequate in almost all cases").[1]

---

[1] Petitioner initially could have filed suit in the U. S. District Court for the District of Colorado because, under the general venue statute, he "resides" at his place of confinement in Colorado. See 28 U.S.C. § 1391(e); In re Pope, 580 F.2d 620, 622 (D.C. Cir. 1978) ("for purposes of the general venue statute a prisoner has his residence at his place of confinement"); Starnes v. McGuire, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974) (en banc) (same). Thus, transfer to that district is permissible. 28 U.S.C. § 1404(a) ("a district court may transfer any civil action to any other district or division where it might have been brought").

## **CONCLUSION**

Wherefore, for the above stated reasons, the petitioner's petition should be transferred to the District of Colorado, after giving the petitioner notice of the proposed transfer and an opportunity to respond.[2]

A proposed order is attached as Exhibit B.

                                              Respectfully submitted,

                                              KENNETH L. WAINSTEIN
                                              D.C. Bar Number 451-058
                                              United States Attorney

                                              ROBERT D. OKUN
                                              D.C. Bar Number 457-078
                                              Chief, Special Proceedings Section

                                              _____
                                              MARGARET J. CHRISS
                                              D.C. Bar Number 452-403
                                              Assistant United States Attorney
                                              555 4th Street, N.W.
                                              Special Proceedings Section
                                              Washington, D.C.  20530
                                              (202) 307-0874
                                              facsimile (202) 514-8784

---

[2]     If the Court declines to transfer this matter, we reserve the right to respond on the merits and do not waive any legal or factual defenses.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that, this 9th day of September, 2005, I caused a copy of the foregoing Motion to Transfer Petitioner's Petition under 28 U.S.C. § 1361, to be served by first-class mail upon:

Mohammed Saleh
Fed. Reg. # 34853-054
USP Florence ADMAX
5880 Hwy. 67 South
Florence, CO 81226

                                                             _____
                                                             Assistant United States Attorney