UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mohammed Saleh, <br> Petitioner, <br><br> V. <br><br> Alberto Gonzalez, et al. <br> Respondents, | Civil Action No. 05-1315 (CKK) <br><br> PLAINTIFF'S RESPONSE TO DEFENDENT'S MOTION TO TRANSFER HIS ACTION |

The petitioner Mohammed Saleh, pro se Respectfully. move the court to deny the defendant's motion to transfer his petition for a writ of mandamus under 28 U.S.C § 1361. To the U.S. District court for the District of Colorado. Since, the court in Colorado lack jurisdiction over the defendants, and the defendant's motion was not in a good faith since, All transactions done in Wash., DC. And, for the interest of Justice is not to transfer this Action to Colorado, and State therefor the following:

## 1- INTRODUCTION

IN this writ of mandamus plaintiff. have been placed Since, 9/11/2001 almost four years in Solitary confinement, without any kind of due process and without any justification in retaliation for his race, religion, and his conviction charge. And this violation is still continuing until this date.

(1)

The plaintiff was an example inmate never violated any prison rule except minor infractions. And always maintain a good relation with staff and inmates.

This harsh condition and the unjustified treatment causing the plaintiff significant hardship on him & on his family mentally and physically and socially.

The plaintiff is justified by seeking from the court injunction relief for these violations to be discontinue and to have him immediate transfer to general population prison, where the Supreme Court recently ruled about the conditions in supermax in Ohio imposes A typical and significant hardship and gives rise to liberty interest violation.

As the plaintiff's explain in his complaint & in his affidavit his placement in solitary confinement was not result from any disciplinary action and the prison staff here in Colorado have nothing to do with his placement in solitary confinement. It was memo's & ordered from the attorney General & BOP director (see plaintiff' affidavit).

## 2- ARGUMENT

This court should not transfer petitioner's case to the District of Colorado, where the defendant's dont live or do any Business in Colorado, Since the court in Colorado lacks Jurisdictions over them. A federal District Court may assert personal jurisdiction and comport with due process where a non-resident defendant has minimum contact in the District of Colorado.

(2)

For the foregoing reasons, defendant's motion to transfer plaintiff's writ to Colorado should be denied. And plaintiff should be allowed to proceed with his motion to discovery.

Dated: Sept 20, 2005

Respectfully submitted
M. Saleh
Mohammed Saleh #34853-054
P.O. Box 8500 ADX
Florence, Co 81226

Certificate of Service

I, the undersigned hereby certify that I caused a copy of the foregoing to be served by first class mail, postage prepaid this 20 day of Sept, 2005. upon the following:

Margaret J. Chriss
Asst. U.S. Attorney
555 4th St. N.W
Special proceeding section
Wash., D.C 20530

M. Saleh
Mohammed Saleh,
Plaintiff

(4)

" Affidavit "

I Mohammed Saleh #34853-054 make this affidavit in support of denial defendant's motion to transfer plaintiff's writ of mandamus:

1. In 9/11/2001 Warden Gunja at USP Florence/Colorado currently working as Regional director for Westren Region told me that he was told by his superior that the attorney general ordered for me to be placed in solidary confinement.

2- IN 11/11/2001 Captain Keller at USP Florence/Colorado currently working as warden in FCI facility told me he was trying to release me to back to general population but was told that my matter is in the hand of the Attorney general.

3- in 2/20/2002 Warden Gunja told me that he is trying to help me but Wash., told him he can't do anything to me since my matter in the hand of the attorney general.

4. IN 8/10/2002 A.W. Reos currently working as warden at USP Florence, colorado told me he wish he can help me and release me back to general population but his hands tres, since my matter in the hands of the attorney general.

5. IN 3/2/2003 Warden Hood the warden of ADX told me that he was ordered to Admit me to ADX while he doesn't want me here he told me you don't belong here.

(1)

6. I have met at ADX more than 15 inmates have the same situation and been told same story from prison officials. And if the court wish for me to provide affidavit from those inmates I will do so with the court order.

I declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct to the best of my knowledge and collection this 20th day of Sept, 2005.

Respectfully submitted

M Saleh
Mohammed Saleh

(2)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mohammed SALEH, petitioner, | Civil Action No. 05-1315 (CKK) |
| v. | **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| Alberto Gonzalez, et al Respondents | |

Comes Now, The plaintiff Mohammed Saleh, pro se, Request pursuant to rule 34 of the Fed. R. of Civ. proc. That defendants produce for inspection and copying the followings discovery Request:

1. All documents And Records concerning or Related to the plaintiff Removel from the General prison populatation, at USP Florence. And his placement in solitary confinement from 9-11-01. To this present date. The documents produce in Response To this Request should include, But Not Limited To The followings:

a) All video-tapes, recorded to document the plaintiff's daily activity in Solitary Confinement after 9-11-2001.

b) All Log Books were maintained on plaintiff's daily Routine in Solitary confinement after 9-11-2001.

c) All Memorandums, Reports, orders, Notes, E-Mails, or other documents which in any way refer, to plaintiff's placement in solitary confinement.

(1)

D) Every Document or Record Received from or directed to Anyone concerning or Related or Refering to plaintiff's placement in solitary confinement and his conditions of Confinement At ADX.

2) All Documents Concerning or Refering to plaintiff's Transfer to ADX.

3) All Documents concerning or Refering to the period of time plaintiff is Require to spend At the ADX before he become Eligible for Transfer to open General population facility.

4) All The Documents, Memorandums, Reports, Orders, Notes, E-Mails, or Any other Document from The Bureau of prisons, Justice Department, The FBI, or Any other governmental Department or officials concerning or Refering to plaintiff's placement and his conditions of confinement At The ADX.

5) All Rules, Regulations, policies, program Statements and Directives of The B.O.P for: (a) Segregation of prisoners; (b) Institutional Transfers; (c) Re-classifications, (d) INTR-Institutional classification, (e) Discipline & special housing units; (f) Security Designation and custody classification system; (g) Transfer To ADX, (h) Conditions of confinement AT ADX; (i) placement in step-down units; (j) Transfer from ADX; (K) classification and program Review of inmates At ADX;

(2)

6) The plaintiff's complete central file.

Wherefore, for the reasons stated herein, plaintiffs respectfully request that the Court compel the defendants to production of these documents to provide the plaintiff's challenge for the defendant motion to transfer.

Dated: Sept 20, 2005

Respectfully Submitted

M-Saleh M

Mohammed Saleh #39853-059

P.O. Box 8500 ADX

Florence, Co 81226

## Certificate of Service

I, the undersigned hereby certify that I caused a copy of the foregoing to be served by first class mail, postage prepaid this 20 day of Sept, 2005, upon the following:

Margaret J. Chriss
Asst. U.S. Attorney
555 4th St. N.W
Special Proceeding Section
Wash., D.C. 20530

M Saleh M

Mohammed Saleh

plaintiff

(3)