UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MOHAMMED SALEH,                     )
                                    )
      Petitioner,                  )
                                    )
  v.                                )   Civil Action No. 05-1315 (CKK)
                                    )
ALBERTO GONZALES, *et al.*,         )
                                    )
      Respondents.                 )
_____)

## ORDER

      On September 9, 2005, respondents, through counsel, filed a motion to transfer this action to the United States District Court for the District of Colorado, the district where petitioner is incarcerated.  In an Order issued on that same date, the Court advised petitioner that it would rule on respondents' motion taking into consideration the facts proffered in the petition itself along with his opposition to the motion.  The Order set September 30, 2005 as the deadline for petitioner's opposition, and warned him that, if he failed to file his opposition timely, the Court would treat the motion as conceded.  Believing that petitioner had missed his deadline, on October 6, 2005, the Court granted respondents' motion as conceded, and entered an Order transferring this matter forthwith to the United States District Court for the District of Colorado.  Although the Clerk of Court received petitioner's response on September 23, 2005, the response was not placed on the Court's electronic docket until October 10, 2005.

      The Court construes petitioner's opposition as a motion to reconsider the transfer order.

Having reconsidered the matter, however, the Court maintains that transfer of the action to the district where plaintiff is incarcerated is appropriate. Contrary to petitioner's assertions, the United States District Court for the District of Colorado indeed has jurisdiction over all respondents in their official capacities. Furthermore, transfer of this matter serves both the convenience of all parties and the interest of justice.[1] *See Starnes v. McGuire*, 512 F.2d 918, 929-932 (D.C. Cir. 1974) (en banc); *Zakiya v. United States*, 267 F. Supp. 2d 47, 59 (D.D.C. 2003) (transferring action which challenged implementation of Federal Bureau of Prisons policy to jurisdiction of plaintiff's confinement because "the actual implementation by the BOP officials occurred at the facilities where he was incarcerated[,]" not in the District of Columbia); 28 U.S.C. § 1404(a).

Also before the Court is petitioner's "Affidavit for Entry of Default (by the Clerk of the Court)." The Court construes this document as a motion for entry of default. Petitioner states that respondents failed to respond to the Court's Order to Show Cause within the time limit specified therein, and, consequently, that judgment should be entered in his favor. Respondents timely filed, and the Court granted, their motion for an extension of time, to September 9, 2005, to file a response. Respondents' motion to transfer, then, was filed timely.

Accordingly, it is hereby

ORDERED that petitioner's motion to reconsider [Dkt. #13] is DENIED. It is further

ORDERED that the Clerk of Court shall docket petitioner's "Affidavit for Entry of Default (by the Clerk of the Court)" as a motion for entry of default, and the motion is DENIED. It is further

---

[1] Resolution of petitioner's discovery request is left for the transferee court.

ORDERED that this action shall be TRANSFERRED FORTHWITH to the United States District Court for the District of Colorado.  It is further

ORDERED that the Clerk of Court shall send a hard copy of this Order to petitioner at his address of record.

SO ORDERED.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE:  October 12, 2005