UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mohammed Saleh, <br>     petitioner, <br> V. <br> Alberto Gonzalez, et,al <br>     Respondents. | Civil Action No. 05-1315 (C.K.K.) <br><br> **MOTION FOR RECONSIDERATION UNDER RULE 60(B)(1)(3)** |

## AFFIRMATION

The petitioner Mohammed Saleh, prose Respectfully Submit this Reconsideration motion under federal Rules of civil procedure Rule 60(b)(1)(3) for the court transfer order issued on 10/6/2005 and state therefor the following:

1. The plaintiff's did Response on timely manner & asked the court to deny defendants transfer motion (see attachment).

2. The plaintiff's after talking with prison staff believe that his mail to this court was deliberately hold & not send outside the ADX and wish if the court can investigate this matter.

3. The plaintiff's on Sept 20, 2005 did mail his Response and affidavit in support of his motion (see a copy of the motion attached).

4. The court granted defendant motion on wrong basis that plaintiff's concede for the transfer motion.

(1)

5. The plaintiff's Respectfully asking the court to Reconsider the Transfer order under Rule 60(b)(1) of F.R. of Civ. Proc. which allow the court to Reconsider the order on basis of "excusable error, oversight and Misunderstanding"

6. The plaintiff brings to this court attention of this deliberate hold of his mail which provided a copy of his motion justify this court to Reopening the transfer order.
The plaintiff pray this court understand the situation and grant his requested relief.

I declare under penalty of perjury, pursuant to 28 U.S.C § 1746. That the foregoing is true and correct to the best of my knowledge & collection this 13th day of Oct. 2005.

Respectfully submitted
M. Saleh
Moh'd Saleh #34853-054 ADX
P.O. Box 8500, Florence, CO 81226

Certificate of Service

I the undersigned hereby certify that I caused a copy of the foregoing to be served by first class mail, postage prepaid this 13 day of Oct. 2005 upon the following:
Margaret J. Chriss, asst. U.S Attorney
555 4th St. N.W. Special proceeding sec.
Wash., D.C. 20530.

(2)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mohammed Saleh, <br> Petitioner, <br><br> V. <br><br> Alberto Gonzalez, et al, <br> Respondents. | Civil Action No. 05-1315 (CKK) <br><br> **PLAINTIFF'S RESPONSE TO DEFENDENTS MOTION TO TRANSFER HIS ACTION** |

The petitioner Mohammed Saleh, pro se, Respectfully move the court to deny the defendant's motion to transfer his petition for a writ of mandamus under 28 U.S.C § 1361. To the U.S. District court for the District of Colorado. Since, the court in Colorado lack jurisdiction over the defendants, and the defendants motion was not in a good faith since, All transactions done in Wash., DC. And for the interest of justice is not to transfer this Action to Colorado, and state therefor the following:

### 1- INTRODUCTION

In this writ of mandamus plaintiff, have been placed since, 9/11/2001 almost four years in solitary confinement, without any kind of due process and without any justification in retaliation for his race, religion, and his conviction charge. And this violation is still continuing until this date.

(1)

The plaintiff was an example inmate never violated any prison rule except minor infractions. And always maintain a good relation with staff and inmates.

This harsh condition and the unjustified treatment causing the plaintiff significant hardship on him & on his family mentally and physically and socially.

The plaintiff is justified by seeking from the court injunction relief for these violations to be discontinue and to have him immediate transfer to general population prison, where the Supreme Court recently ruled about the conditions in supermax in Ohio imposes a typical and significant hardship and gives rise to liberty interest violation.

As the plaintiff explain in his complaint & in his affidavit his placement in solitary confinement was not result from any disciplinary action and the prison staff here in Colorado have nothing to do with this placement in solitary confinement. It was Memo's & ordered from the attorney General & BOP director (see plaintiff's affidavit).

## 2- ARGUMENT

This court should not transfer petitioner's case to the District of Colorado, where the defendant's don't live or do any business in Colorado, since the court in Colorado lacks jurisdictions over them. A federal District Court may assert personal jurisdiction and comport with due process where a non-resident defendant has minimum contact in the District of Colorado.

(2)

The critical consideration in determining if a defendant's activities satisfy the minimum contacts requirement is whether "The defendant's conduct and connection with the forum state are such that the defendants should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp v. Woodson, 444 U.S. 286, 297 (1980).

The court in colorado clearly stated that the contacts of the director of BOP with colorado were occasionally to advise senior staff of the federal Bureau of prisons located in Colorado. These contacts are <u>not sufficient</u> to permit the exercise of Jurisdiction. See Johnson v. Rardin, 952 F2d 1401 (table) 1992 WL 9019 at *1 (10th Cir Jan 13, 1992)(agreeing with District court that signing reviews of appeals and occasionally advising senior staff of the federal prisons in colorado was <u>not sufficient</u> to permit the exercise of personal jurisdiction) And in the light of the supreme court decision in ohio supermax case Wilkinson v. Austin, 162 L.Ed.2d 174 (2005). The high court put the standard for prisoner's to be placed in solitary confinement (supermax prison) and the court clearly agreeing with the District court that the conditions imposes A typical and significant hardship on the inmate in relation to the ordinary incidents of prison life Id. 190. And the conditions give rise to liberty interest in their avoidance. Id 191.

Because the defendants continue to violate the plaintiff's constitutionally protected liberty interest, The court should do the least intrusive means to correct the violation. see 18 U.S.C § 3626 (a)(1)(A) Coating Austin, 204 F.Supp.2d 1024 (N.D. ohio 2002)

(3)

For the foregoing reasons, defendant's motion to transfer plaintiff's writ to Colorado should be denied, and plaintiff should be allowed to proceed with this motion to discovery.

Dated: Sept 20, 2005

Respectfully submitted
M. Saleh
Mohammed Saleh #34853-054
P.O. Box 8500 ADX
Florence, Co 81226

Certificate of Service

I, the undersigned hereby certify that I caused a copy of the foregoing to be served by first class mail, postage prepaid this 20 day of Sept., 2005 upon the following:

Margaret J. Chriss
Asst. U.S. Attorney
555 4th St. N.W
Special proceeding section
Wash., D.C 20530

M. Saleh
Mohammed Saleh
Plaintiff

(4)

"Affidavit"

I Mohammed Saleh #34853-054 make this affidavit in support of denial defendants motion to transfer plaintiff's writ of mandamus.

1. In 9/11/2001 warden Gunja at USP florence/Colorado currently working as Regional director for Western Region told me that he was told by his superior that the attorney general ordered for me to be placed in solitary confinement.

2. IN 11/11/2001 Captain Keller at USP florence/Colorado currently working as warden in FCI facility told me he was trying to release me to back to general population but was told that my matter is in the hand of the Attorney General.

3. in 2/20/2002 warden Gunja told me that he is trying to help me but wash., told him he can't do anything to me since my matter in the hand of the attorney general.

4. IN 8/10/2002 A.W. Reos currently working as warden at USP florence, Colorado told me he wish he can help me and release me back to general population but his hands ties, since my matter in the hands of the attorney general.

5. IN 3/2/2003 warden Hood the warden of ADX told me that he was ordered to Admit me to ADX while he doesn't want me here he told me you don't belong here.

(1)

6. I have met at ADX more than 15 inmates have the same situation and been told same story from prison officials. And if the court wish for me to provide affidavit from those inmates I will do so with the court order.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and collection this 20 day of Sept, 2005.

Respectfully submitted

M Saleh
Mohammed Saleh

(2)